# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| BANK OF THE OZARKS, | * | |
| Plaintiff, | * | |
| vs. | * | CV 212-013 |
| PRINCE LAND, LLC, and THOMAS A. TIMBES, II, | * | |
| Defendants. | * | |

## ORDER

Presently before the Court is a motion filed by Defendant Timbes, which this Court will interpret as a Motion for Reconsideration and a Motion for Extension of Time to File an Appeal. See Dkt. No. 42. For the reasons stated below, Timbes's Motion is **GRANTED** in part and **DENIED** in part.

### BACKGROUND

Bank of the Ozarks brought suit seeking to recover on a Promissory Note issued to Defendant Prince Land, LLC and guaranteed by Defendant Thomas Timbes, II. See Dkt. No. 17. Bank of the Ozarks filed a Motion for Summary Judgment on August 24, 2012, to which Timbes' counsel filed a response. See Dkt. Nos. 26, 28. On October 31, 2012, this Court held a hearing to

1

determine the merits of Bank of the Ozarks's Motion. See Dkt. No. 37. At that hearing, the Court stated that it would withhold judgment for twenty-one days for settlement negotiations to proceed. See Dkt. No. 37. After the twenty-one-day period had expired, this Court granted Bank of the Ozarks's Motion in an order dated December 13, 2012. See Dkt. No. 39. Accordingly, judgment against Timbes and his co-defendant, Prince Land, LLC, was entered on December 14, 2012. See Dkt. No. 40.

Forty-one days later, on January 25, 2013, Timbes filed a letter, pro se, asking this Court to either "reopen his case" or to consider a late notice of appeal. See Dkt. No. 42. In his letter, Timbes stated that he felt his attorney had not provided him "competent representation." See Dkt. No. 42. Timbes described two ways he felt his attorney had erred—his counsel had failed to argue that the guaranty agreement was void for lack of consideration because Timbes signed the guaranty after the funds had already been extended to the principal debtor and that his counsel had suffered a heart attack in early December and, as a result, had not notified Timbes of the judgment against him until after the time to file an appeal had passed. See Dkt. No. 42.

**DISCUSSION**

Although a similar standard governs both Timbes's arguments, this Court denies Timbes's request for reconsideration but grants his request for an extension to file an appeal.

**I. Motion for Reconsideration**

Motions for reconsideration implicate two different Federal Rules of Civil Procedure. Rule 59(e) applies if the motion is filed within twenty-eight days of the entry of judgment, but Rule 60(b) governs if the motion is filed later. See Rivero v. Taylor, 465 Fed. App'x 839, 840 (11th Cir. 2012). Here, Timbes's motion was not filed until forty-one days after the entry of judgment, and therefore Rule 60(b) applies.

Although Rule 60(b) provides several grounds for a court to amend an earlier judgment, claims of attorney error must be evaluated under subsection (60)(b)(1) rather than under the more general, "residual" standard contained in 60(b)(6). Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986). Under Rule 60(b)(1), a court may reconsider an earlier judgment due to a party's "mistake, inadvertence, surprise, or excusable neglect."

The Eleventh Circuit has repeatedly "demonstrated its weariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error." Cavaliere v.

3

AO 72A
(Rev. 8/82)

Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993); see also Revere v. McHugh, 362 Fed. App'x 993, 999 (11th Cir. 2010). Timbes claims, that prior to his heart attack, Timbes's counsel was "in bad health for some time" and did not raise a potentially meritorious argument, despite the fact that his counsel "was well aware of all the facts and circumstances" supporting that argument. Dkt. No. 42. This, however, does not satisfy the standard for "excusable neglect."

The Eleventh Circuit has held that, even if a attorney was grossly negligent in failing to file any response to an opposing party's motion, such conduct does not satisfy the "excusable neglect" standard under Rule 60(b)(1). See S.E.C. v. Simmons, 241 Fed. App'x 660, 663-64 (11th Cir. 2007); Solaroll, 803 F.2d at 1132. Here, Timbes's counsel did respond to Bank of the Ozarks's Motion and raised cognizable arguments in opposition. See Dkt. No. 28. Furthermore, Timbes's counsel appeared in court for oral argument in opposition to the Motion for Summary Judgment. See Dkt. No. 37. If the attorney errors in Simmons and Solaroll did not rise to the level of "excusable neglect" sufficient to relieve the movants from earlier judgments, Timbes's counsel's failure to raise a particular argument cannot satisfy the standard either.

AO 72A
(Rev. 8/82)

## II. Motion for Extension of Time to File an Appeal

In contrast, the Court does find that the time period for Timbes to file an appeal should be extended. Federal Rule of Appellate Procedure 4(a) determines the timeliness of a notice of appeal. The standard time period is thirty days after the entry of judgment for a civil case. See Fed. R. App. P. 4(a)(1)(A). A district court can grant certain extensions of time when the moving party "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).

Timbes's counsel apparently suffered a heart attack in "early December," close to the time summary judgment was entered in this case. Dkt. No. 42. The emails attached to Timbes's letter demonstrate that Timbes tried to contact his attorney, but his attorney was unable to respond. The only response Timbes's received was from the attorney's wife, who indicated that her husband was "very ill" and "under [d]octor[']s orders" to refrain from practicing law until he recovered. See Dkt. No. 42. The wife's emails also suggest that her husband was asleep for long periods of time during the day. See Dkt. No. 42.

Factors to consider in determining "excusable neglect" in this context include: (1) danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether

5

the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); see also United States v. Ruiz-Guifarro, 469 Fed. App'x 805, 806 (11th Cir. 2012).

Applying those factors here, this Court finds that Timbes's delay in filing a notice of appeal was justified. Factors One and Two weigh in favor of granting the extension because Timbes filed his Motion only eleven days beyond the Rule 4(a)(1)(A) deadline. See Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (finding the nonmovant was not prejudiced by the movant's six-day delay). The reason for the delay was that Timbes's counsel suffered a debilitating heart attack, which was obviously outside of Timbes's or his lawyer's control. In other cases concerning severe illnesses, courts have found excusable neglect. See United States v. Wrice, 954 F.2d 406, 408-409 (6th Cir. 1992) (excusable neglect where attorney explained to trial court that he was suffering from severe depression which had caused his tardiness in requesting extension of time); Islamic Republic of Iran v. Boeing Co., 739 F.2d 464, 465 (9th Cir. 1984) (excusable neglect when counsel was physically and mentally incapacitated at time for filing appeal, counsel's secretary was also ill, and nonmovant was not prejudiced); United States v. Ward, 696 F.2d 1315 (11th Cir. 1983) (stating that it was "tempt[ing]" to grant an extension

AO 72A
(Rev. 8/82)

based on excusable neglect where counsel fell "critically ill soon after sentencing hearing" but remanding case to district court because such a finding was the district court's responsibility); cf. Gibbons v. United States, 317 F.3d 852, 854-55 (8th Cir. 2003) (no excusable neglect shown when counsel did not provide any specific information as to the nature of her illness or her treatment and was not ill for the entire time when notice could have been filed). Finally, nothing indicates that Timbes's actions are not in good faith.

Accordingly, this Court finds that Timbes's attorney's heart attack constitutes excusable neglect and an extension is warranted. Timbes requests thirty-additional days to file an appeal. However, this Court is not allowed to grant an extension that long. Under Rule 4(a)(5)(C), an extension may not exceed "30 days after the prescribed time period or 14 days after the date when the order granting the motion is entered, whichever is later." The latter of those two options provides the later date in this case. Therefore, Timbes has fourteen additional days from the date of this Order.

## CONCLUSION

For the reasons stated above, Timbes's Motion, Dkt. No. 42, is **GRANTED** in part and **DENIED** in part. Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(C), Timbes is granted fourteen additional days after the date of this Order to file a notice of

AO 72A
(Rev. 8/82)

appeal. The Clerk of Court is directed to serve Timbes with a notice of this Order as well as serving Timbes's counsel of record. In his letter, Timbes listed 1149 Beachview Drive, St. Simons Island, Georgia 31522 as an address where he may be reached. Dkt. No. 42.

**SO ORDERED**, this 31st day of January, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA